IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

EDDIE YARBROUGH, JR.                                                                      PLAINTIFF

vs.                                        Civil No. 1:11-cv-01018

MICHAEL J. ASTRUE                                                                       DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Pending now before this Court is Defendant's Motion to Dismiss. ECF No. 6.[1] Defendant filed this Motion on May 31, 2011. *Id.* Plaintiff responded to this Motion on July 12, 2011, and Defendant replied on July 20, 2011. ECF Nos. 8-9. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this Order.

**1.     Background**

On May 15, 2007, Plaintiff filed an application for SSI benefits. ECF No. 1. This application was denied initially and again upon reconsideration. *Id.* Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") which was held on December 18, 2008. *Id.* On June 10, 2009, the ALJ issued an unfavorable decision denying Plaintiff's claim for SSI benefits. *Id.* Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. *Id.* On November 24, 2010, the Appeals Council denied review. *Id.*

Approximately three months later, on February 28, 2011, Plaintiff filed his Complaint in this

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"

matter. ECF No. 1. Plaintiff's Complaint and Application to Proceed Without Prepayment of Fees and Affidavit are both marked with a file-stamp dated February 28, 2011. ECF Nos. 1-2. Thereafter, on May 31, 2011, Defendant filed the current Motion requesting Plaintiff's case be dismissed because it was not timely filed. ECF No. 6.

**2.    Applicable Law**

Pursuant to 42 U.S.C. § 405(g) (2010), a claimant may obtain judicial review of a "final decision" of the Social Security Administration ("SSA"). Generally, the SSA has issued a "final decision" when the Appeals Council denies review of the ALJ's decision. *See* 20 C.F.R. § 404.981 (2011); *Johnson v. Astrue,* 627 F.3d 316 (2010) ("[t]he Appeals Council denied Johnson's request for review, making the ALJ's decision the final decision of the Commissioner.").

Once that "final decision" is issued, a claimant then has sixty (60) days to appeal that decision to a federal district court. *See* 42 U.S.C. § 405(g) (2010). That time period may be extended by the SSA upon a showing of "good cause." *See id.;* 20 C.F.R. § 404.982 (2011). That time period may also be extended by a federal district court in limited circumstances. *See Bowen v. City of New York,* 476 U.S. 467, 479-481 (1986) (applying equitable tolling to the sixty-day time period). The sixty days start counting from the date the claimant receives notice of the Appeals Council's decision. *See* 20 C.F.R. § 404.982.

**3.    Discussion**

In the present action, on November 24, 2010, the Appeals Council denied review of Plaintiff's case. ECF No. 1. Plaintiff does not dispute he received timely notice of this decision. *Id.* Thus, for this case to be timely filed, Plaintiff must have commenced his action within sixty (60) days (plus five days for mailing) of November 24, 2010 or by January 28, 2011. Instead, this action was not filed until

February 28, 2011. ECF No. 1.

In his response to Defendant's Motion to Dismiss, Plaintiff claims he sent the Complaint for filing on December 28, 2010, but, due to a problem with the mail, his Complaint was not received until February 28, 2010. ECF No. 8. Plaintiff also attached an unsigned copy of his cover letter to the clerk's office dated December 28, 2010 as proof that his Complaint was mailed on that date. ECF No. 8-1.

Upon review, this Court finds Plaintiff's unsigned cover letter is not sufficient to establish his Complaint was mailed on that date. This is especially true since Plaintiff's Complaint and the Application to Proceed Without Prepayment of Fees and Affidavit were both physically stamped with the date February 28, 2011. Thus, this Court finds Plaintiff did not meet the sixty-day deadline as outlined in 42 U.S.C. § 405(g).

Even though Plaintiff did not meet this deadline, this Court has the ability to extend that deadline to avoid an unjust result through "equitable tolling." However, in the present action, equitable tolling should not be applied. Plaintiff was given notice of the filing of his Complaint on February 28, 2011 through the CM/ECF system. He was made aware at that time that the Complaint was not timely filed, but he did not act to correct this mistake until after Defendant made this Motion on May 31, 2011. Thus, this Court finds these circumstances do not justify equitable tolling. *See Bowen,* 476 U.S. at 479-481 (finding equitable tolling may be applied only where the "equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'") (citation omitted).

4. <u>**Conclusion**</u>

Based upon the foregoing, and pursuant to Federal Rule of Civil Procedure 12(b)(6),

3

Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED**.

    **ENTERED** this **27th day of July, 2010.**

                                             /s/   Barry A. Bryant
                                             HON. BARRY A. BRYANT
                                             U.S. MAGISTRATE JUDGE